## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

THE INDIGO ROOM, INC.,
RAIMOND AULEN and DYLAN
JONES,

       Plaintiffs,

v.                            Case No:  2:12-cv-39-FtM-38CM

CITY OF FORT MYERS,
DOUGLAS BAKER and ALAN
GAGNON,

       Defendants.

_____

## <u>REPORT AND RECOMMENDATION</u>[1]

     Before the Court is Defendants, City of Fort Myers' and Chief Douglas Baker's, Motion for Attorney's Fees and Costs and Incorporated Memorandum of Law in Support (Doc. 116), filed on December 26, 2014, which was referred to the undersigned by the Honorable Sheri Polster Chappell for a Report and Recommendation.   Plaintiffs' filed a Memorandum of Law in Opposition (Doc. 119). Defendants request an award of $99,273.00 in attorneys' fees and $4,327.22 in costs as the prevailing parties in this case.   Doc. 116 at 7.   For the reasons set forth herein, the Court recommends that the motion be granted in part and denied in part.

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection.**

## I.   Background and Procedural History

On January 24, 2012, Plaintiffs, The Indigo Room, Inc., Raimond Aulen, and Dylan Jones, filed a ten-count complaint against Defendants, City of Fort Myers ("the City"), Fort Myers Police Department Chief Douglas Baker, in his individual capacity, and Fort Myers Police Officer Alain Gagnon (Badge No. 299), in his individual capacity, pursuant to 42 U.S.C. § 1983.   Doc. 1.   Plaintiffs alleged the Defendants violated their rights under the First, Fourth, and Fourteenth Amendments.   *Id.* These allegations resulted in part from the City's enforcement of an ordinance prohibiting persons under the age of 21 from entering or remaining in any alcoholic beverage establishment while alcohol is being served or sold to the public. *Id.* Plaintiffs sought declaratory relief, injunctive relief and compensatory damages.   *Id.* at ¶1.

Plaintiff, The Indigo Room, is an establishment in Fort Myers, FL that serves food and alcoholic beverages, periodically has entertainment and holds political events.   *Id.* at ¶4.   Plaintiff Aulen is the owner and operator of The Indigo Room. *Id.* at ¶5.   On November 11, 2011, The Indigo Room held a political event when Plaintiff Jones, who was 19 years old at the time, entered the establishment to sign a petition regarding a request for an ethics investigation into the Mayor of the City of Fort Myers.   *Id.* at ¶11, 13, 15.   After Plaintiff Jones exited The Indigo Room, Defendant Gagnon issued citations to both Plaintiff Jones and Plaintiff Aulen under the City of Fort Myers Ordinance Sec. 6-83.   *Id.* at ¶18.

City of Fort Myers Ordinance Sec. 6-83 provides:

> It shall be unlawful for persons under the age of 21 years to enter or remain in any alcoholic beverage establishment, or to be permitted to do so by owners, managers, employees or independent contractors of alcoholic beverage establishments….

City of Fort Myers Ord. Sec. 6-83.   This ordinance provides several exemptions, including an exemption that allows persons under the age of 21 to enter as long as alcohol is not being served or sold to the public.   The Indigo Room is an alcoholic beverage establishment and did not fall into one of the specified exemptions during the time period at issue in this case.   Doc.112.   Plaintiffs alleged in Counts I-IV of the complaint that the ordinance is unconstitutional on its face because it does not include exemptions for constitutionally protected speech, and it is vague and overbroad.   Doc. 1.   Counts V-VII alleged that the ordinance also is unconstitutional as applied because the ordinance encouraged retaliatory practices and unlawful searches.   *Id.*   Counts I-V were alleged solely against the city.   *Id.* Counts VI-VII were alleged against Defendant Baker.   *Id.*   Counts VIII-X were alleged against Defendant Gagnon.   *Id.*

On February 15, 2012, Plaintiffs filed a Motion for Preliminary Injunction as to Counts I-IV.   Doc. 11.   The district court denied the motion finding that the Ordinance did not restrict Plaintiffs' rights to engage in speech, association and assembly. Doc. 28 at 5.   The district court stated "Plaintiff Jones simply cannot [exercise those rights] in alcoholic beverage establishments … while alcohol is being served, and Plaintiff Aulen cannot do so in association with persons under the age of 21 in alcoholic beverage establishments while alcohol is available."   *Id.*   The district

court relied on *Gary v. City of Warner Robins, Georgia*, 311 F.3d 1334 (11th Cir. 2002) in concluding that this ordinance is constitutional on its face.

The ordinance challenged in *Gary* is similar to the ordinance challenged in this case. Thus, the district court denied Plaintiff's Motion for Preliminary Injunction. Doc. 28. On appeal, on March 1, 2013, the Eleventh Circuit affirmed the decision of the district court denying Plaintiff's Motion for Preliminary Injunction. Doc. 45 at 14. The court of appeals also held that the ordinance was not facially invalid because it did not restrict Plaintiffs rights to engage in speech association and assembly. *Id.* at 4. Furthermore, it held that the ordinance was not vague because persons of reasonable intelligence can derive the meaning from the statute. *Id.* at 5.

Following the Eleventh Circuit's opinion, David Potter, attorney for Defendants, the City and Baker, contacted Plaintiffs' counsel to discuss Plaintiffs voluntarily dismissing Count I-IV of the complaint in light of the Eleventh Circuit's rulings in *Gary* and in the present case. Doc. 116-2. The parties continued their discussions regarding voluntary dismissal into late April 2013. Docs. 116 at 13, 119 at 3. Ultimately Plaintiffs would not agree to voluntarily dismiss Count I-IV unless Defendants would agree not to seek their attorneys' fees associated with those claims. *Id.*

As a result of Plaintiffs unwillingness to voluntarily dismiss Counts I-IV, Defendants, the City and Baker, moved for summary judgment on those counts. Doc. 58. In the same motion, Defendants moved for summary judgment on Counts V-VII. *Id.* Plaintiffs filed a Notice of Non-opposition to Summary Judgment as to

Counts I-IV.   Doc. 67.   Defendants, the City and Baker, then filed a Notice of Partial Withdrawal of the Motion for Summary Judgment as to Counts V-VII and indicated that they would be filing an amended motion for summary judgment as to those counts only.   Docs. 77, 85.   Thus the Court granted Defendants' Motion for Summary Judgment as to Counts I-IV and denied as moot the remainder of the motion.   Doc. 85.   Defendants, the City and Baker, filed an Amended Motion for Summary Judgment as to Counts V-VII, and Plaintiffs responded in opposition. Docs. 86, 96.

Defendant Gagnon also filed an Amended Motion for Summary on Counts VIII-X along with an Amended Motion for Attorney Fees and Costs.[2]   Docs. 70, 71. Plaintiffs filed their Memorandum in Opposition to Defendant Gagnon's Amended Motion for Summary Judgment.   Doc. 81. Subsequently, Plaintiffs filed their Memorandum in Opposition to Defendant Gagnon's Amended Motion for Attorneys' Fees and Costs.   Doc. 84.   Plaintiffs also filed a Motion for Partial Summary Judgment against Defendant Gagnon as to Count X, which Defendant Gagnon opposed.   Docs. 88, 94.

On January 29, 2014, the district court granted Defendants, the City and Baker's, Motion for Summary Judgment as to Counts V-VII.   Doc. 102.   The Court found that the ordinance was constitutional as applied.   *Id.*   The Court also granted Defendant Gagnon's Amended Motion for Summary Judgment as to Counts VIII-X

---

[2]  Defendant Gagnon filed a Motion for Summary Judgment and Motion for Attorney Fees and Costs on August 30, 2013. Docs. 68, 69. He filed the amended motions before the Court ruled on the original motions. The original motions were denied as moot. Docs. 72, 73.

but denied his Amended Motion for Attorney's Fees and Costs. *Id.* The Court denied Plaintiffs' Motion for Partial Summary Judgment. *Id.* Plaintiffs appealed the Court's rulings on Defendants Motions for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment. Doc. 106. The Eleventh Circuit affirmed the District Court's grant of summary judgment on Counts V-X, finding that the ordinance is constitutional as applied. Doc. 112.

Concerning Defendant Gagnon's Amended Motion for Attorney's Fees and Costs, the district court found that the "circumstances of this case do not warrant an award of attorney's fees and costs as the Plaintiffs' claim is not lacking arguable merit." Doc. 102 at 39. Unlike Counts I-IV – facial challenges in which the Eleventh Circuit concluded that the plaintiffs' rights had not been infringed on by the Ordinance – Counts V-X were "as-applied" challenges. *Id.* at 40. Here, the district court found that Plaintiffs came forward with disputed facts as to why summary judgment was not appropriate. *Id.* at 40. Although the district court ultimately granted Defendants' motion, it stated that the Plaintiff's challenges were not groundless. *Id.* Thus, the district court denied Defendant Gagnon's motion for fees and costs.[3] *Id.* Defendants, the City and Baker, refiled their Motion for Attorney's

---

[3] Defendant Gagnon did not file an amended or renewed motion for attorneys' fees and costs following the Eleventh Circuit's decision on October 16, 2014.

Fees and Costs[4] (Doc. 116) and Plaintiff refiled their response in opposition[5] (Doc. 119) which the Court will address in detail below.

## II.    Discussion

Generally, parties are required to bear their own litigation expenses regardless of who wins or loses. *Fox v. Vice*, 131 S.Ct. 2205, 2213 (2011).   In claims brought under 42 U.S.C. § 1983, however, the Court is permitted to award attorney's fees to the prevailing defendant pursuant to 42 U.S.C. § 1988(b) if the Court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)(citing *Christiansburg Garment Co., v. Equal Opportunity Commission*, 434 U.S. 412 (1978)).   "[A] plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review."   *Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1559 (11th Cir. 1995).   When a lawsuit involves both frivolous and non-frivolous claims, the Court is allowed to award the attorney's fees expended on the frivolous claims.   *Fox,* 131 S.Ct. at 2218.

---

[4] Shortly before Plaintiffs' appealed the district court decision, Defendants, the City and Baker, filed a Motion for Attorney's Fees and Costs.   Doc. 105.   Plaintiffs filed the appeal before the district court ruled on the motion.   Doc. 106.   The district court denied Defendants' motion without prejudice because of the pending appeal.   Doc. 111.   The Court granted Defendants leave to re-file their motion for fees and cost following the decision of the Court of Appeals.   *Id.*

[5] Plaintiffs filed a response in opposition to Defendants', the City and Baker, motion for fees and costs (Doc. 105).   Doc. 108.   The district court denied Defendants' motion without prejudice.   Doc. 111.

To determine whether a case is frivolous, the Eleventh Circuit set forth three factors for the Court to consider. *Sullivan v. School Bd. Of Pinellas County*, 773 F.2d. 1182, 1189 (11th Cir. 1985). Those factors are, "(1) whether the plaintiff established a prima facie case; (2) whether the Defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* The Court has evaluated each of the counts separately and recommends that motion be granted in part and denied in part.

The parties concede that there were no settlement discussions, and there was no trial. Docs. 116, 119. All of the counts were decided on summary judgment and then affirmed on appeal. Therefore, the Court will only address the first of the *Sullivan* factors as they relate to both the facial challenges and the as-applied challenges.

### a. Counts I through IV – Facial Challenges

Defendants, the City and Baker, argue that Plaintiffs failed to establish a prima facie case as to Counts I-IV, the facial challenges. Doc. 116 at 17. Defendants state that there was clear precedent and "Plaintiff's knew, or should have known, about these cases and should have realized that their facial challenges fell squarely within these precedents and, therefore, were frivolous, unreasonable, and without foundation." Doc. 116 at 9. Defendants rely heavily on *Gary* to support their argument that Plaintiffs' claims have already been addressed by the Eleventh Circuit. *Gary*, 331 F.3d 1334; Doc. 116.

In *Gary*, the Eleventh Circuit considered the constitutionality of an ordinance that contained very similar language to the ordinance at issue here.   *Gary,* 331 F.3d. 1334.   The ordinance in *Gary* prohibited "persons under the age of twenty-one from entering or working at 'any establishment … which sells alcohol by the drink for consumption on premises.'" *Id.* at 1336.   The Plaintiff was a nude dancer, under the age of 21, who worked at an establishment which sold alcohol.   *Id.*   The Plaintiff challenged the constitutionality of the ordinance claiming that the ordinance infringed on her fundamental rights to freedom of association and freedom of movement as an adult.   *Id.* at 1338.   The court stated that "there is no generalized right to associate in alcohol purveying establishments with other adults." *Id.* Moreover, the Plaintiff was free to engage in nude dancing, but she could not do so in alcoholic beverage establishments.   *Id.*   Thus, the court concluded after applying the rational basis test, that the ordinance did not infringe upon the Plaintiff's First Amendment rights.   *Id.*

Here, Plaintiffs assert that the ordinance is unconstitutional because it does not provide exemptions for constitutionally protected speech and it is vague and overbroad.   Doc. 1.   Plaintiffs contend that the ordinance infringes upon their rights to free speech, assembly and association.   *Id.*   Contrary to *Gary*, Plaintiffs assert that the ordinance should be evaluated under the heightened standard of strict scrutiny because it infringed upon Plaintiffs political speech, association and assembly.   *Id.*; Doc. 28 at 3.   While the district court acknowledged in its Order denying Plaintiffs' Motion for Preliminary Injunction that political speech enjoys a

higher level of protection, the court did not find the circumstances here meaningfully distinguishable from *Gary*.   Doc. 28 at 6.   The district court stated that not only were Plaintiffs' rights not infringed upon, but the ordinance was not unconstitutionally vague because a person of common intelligence would know what activity is prohibited.   *Id.* at 7.   The district court concluded that the Plaintiffs were not likely to succeed on the merits on Counts I-IV.   *Id.*   Therefore, the district court denied Plaintiffs' Motion for Preliminary Injunction.   *Id.*   Plaintiffs appealed the district court's rulings on Counts I-IV and the Eleventh Circuit affirmed the district court's decision.   Doc. 45.

Defendants assert that because of the clear precedent and the district court's ruling that the Plaintiffs claims were not likely to succeed on the merits, that Plaintiffs claims were frivolous. Doc. 116 at 17. Therefore, Defendants allege entitlement to their attorney's fees.   The Court disagrees with Defendants that Plaintiffs' claims were frivolous.   When claims receive careful examination and consideration by the court, the claims are not frivolous.   *Hughes v. Rowe*, 449 U.S. at 15-16 (1980)(holding that even claims dismissed for failure to state a claim were not when they received careful attention and consideration).   Although the district court ruled that Plaintiffs were not likely to succeed on the merits, the claims were not frivolous at the time they were originally filed, because they were carefully analyzed by the district court.

The Court, however, is permitted to award attorney's fees when a plaintiff continues to litigate after the claim became frivolous, unreasonable, or without

foundation. *Christiansburg Garment Co., v. Equal Opportunity Commission*, 434 U.S. 412, 421 (1978).   It is Plaintiffs' continuing obligation to avoid frivolous litigation. *Barthlow v. Jett*, 2008 WL 3889608 *4 (M.D. Fla. 2008) (citing *Bolar v. Space Gateway Support Co.*, 290 F.Supp. 2d 1272 (M.D. Fla. 2003).   Thus, a plaintiff could be subject to attorney's fees even though the claim was not initially frivolous if the Plaintiff continues to advocate after the claim is no longer tenable.   *Id.*

While the Court agrees with Plaintiffs that the Counts I-IV were not frivolous when originally filed, the Court notes that the Plaintiffs continued to litigate after it became clear that the claims were no longer tenable.   Following the Eleventh Circuit's ruling on Count I-IV, the parties began discussing Plaintiffs voluntarily dismissing those Counts.   Doc. 119 at 3.   Plaintiffs conceded that further litigation was no longer necessary on Counts I-IV in light of the appellate decision.   *Id.* at 1-3. Yet, Plaintiffs refused to voluntarily dismiss those counts unless Defendants agreed to waive any claim for attorney's fees related to those counts. *Id.* at 3. Thus, Defendants moved for summary judgment.   Plaintiffs' unwillingness to voluntarily dismiss Count I-IV caused Defendants to unnecessarily incur additional attorney's fees and costs in order to dispose of these claims.   *Id.*   Additionally, Plaintiffs presented no evidence in opposition to Defendants' Motion for Summary Judgment. Doc. 119 at 4.   In fact, Plaintiffs filed a Notice of Non-Opposition to the Motion for Summary Judgment as to Counts I-IV.   Doc. 67.   This is further evidence that the continued litigation of these claims was unreasonable.   Therefore, the Court recommends granting Defendants' attorney's fees as to Counts I-IV from March 1,

2013, the date of the Eleventh Circuit's ruling, through summary judgment, October 8, 2013.

### b.  Counts V through VII – As-Applied Challenges

Counts V-VII of Plaintiffs' Complaint are not frivolous, and the Court recommends denying Defendants' claim for attorney's fees as to these counts.  While the Court ultimately ruled in favor of Defendants on summary judgment, Plaintiffs presented substantial evidence and argument in support of its position.  For the same reasons the Court denied Defendant Gagnon's Amended Motion for Attorney's Fees and Costs, the Court recommends that Defendants, the City's and Baker's, Motion for Attorney's Fees and Costs be denied as to Counts V-VII.

Counts V-VII have already been evaluated by the district court. When the district court evaluated Defendant Gagnon's Amended Motions for Attorneys' Fees, the district court addressed also Counts V-VII stating,

> [t]he constitutional challenges brought in Counts Five through Ten were as applied challenges in which Plaintiffs challenged and alleged that the Defendants' policies, practices, and individual actions of the Defendants were unconstitutional, coming forward with arguments and evidence for why summary judgment was not appropriate. While the Court did not ultimately side with the Plaintiffs on this issue, it does not mean that prior to summary judgment it had become apparent to Plaintiffs that their constitutional challenges were groundless.

Doc. 102 at 39-49.  Moreover, similar to the claims made against Defendant Gagnon, Plaintiffs made very fact-specific inquiries regarding the claims against the City and Defendant Baker which made those claims meritorious.

Plaintiffs provided argument to the Eleventh Circuit when they appealed this Court's decision on Counts V-VII.   Doc. 112.   Those claims received careful attention and review by both the district court and the Court of Appeals. Therefore, the Court recommends that Defendants' claim for attorney's fees as to Counts V-VII be denied.

### c.  Reasonableness of the Hourly Rate and Hours Worked

In support of their request, Defendants submitted an Affidavit of David C. Potter, attaching time records and the background and qualifications of the attorneys that worked on this case.   Doc. 116-1.   Defendants seek the following rates for attorney time as set forth in the Affidavit of David C. Potter for Counts I-IV from March 1, 2013 through October 8, 2013:

| Attorney David C. Potter | 11.3 hours | @ $225.00 per hour | $2,542.50 |
|---|---|---|---|
| **TOTAL** | | | $2,542.50 |

The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community.   *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).   *See also Norman*, 836 F.2d at 1299 (defining a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"). The prevailing market rate in this case is Fort Myers, Florida, or the surrounding counties in the Fort Myers Division of the Middle District of Florida.   *See Olesen-*

*Frayne v. Olesen*, 2:09-cv-49-FtM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009).

Upon review of the time records, the Court finds that the attorney's hourly rate given his experience is in line with the prevailing rate in the Fort Myers, Florida market. The amount requested is $225.00 an hour by attorney David C. Potter, who has been practicing law for 15 years, focusing in the areas of general business and commercial litigation. Doc. 116-1 at 31. This Court previously has determined that $350.00 an hour is a reasonable rate in the Fort Myers, Florida market for an attorney of such experience. *See Kountze v. Kountze*, 2:12-cv-308-FtM-29DNF, Doc. 48 (M.D. Fla. Oct. 30, 2012).

Defendants have provided time records showing that 11.3 attorney hours were expended to defendants on Counts I-IV from March 1, 2013 through October 8, 2013. Doc. 116-1 at 29-30. The attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel. *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996) (citing *Norman*, 836 F.2d at 1301). A court should deduct excessive, unnecessary, and redundant hours and time spent on unsuccessful claims. *Id.* (citing *Norman*, 836 F.2d at 1301-02).

Upon review of the time records, the Court finds that they are sufficiently detailed for the Court to consider whether the time expended was reasonable. Because this case proceeded through discovery and summary judgment; depositions were taken and the claims were reviewed on appeal related to the preliminary injunction, the Court finds the hours expended to be reasonable. There were no

- 14 -

entries for clerical as opposed to legal work that should be deleted as unreasonable for this case.

### d. Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of

> interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.

Defendants, as prevailing parties on Counts I-VII, seek $4,327.22 in costs pursuant to 28 U.S.C. § 1920, which include the $2,940.58 fee for printed or electronically recorded transcripts necessarily obtained for use in the case, $42.15 fee for witnesses, $1,169.49 fee for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case and a $175.00 fee for private process service of subpoenas for deposition.   Doc. 115.

Plaintiffs have not provided any objection to the costs requested by Defendants. Thus, after review of the costs, the Court recommends Defendants be awarded $4,327.22 in costs.

### III.   Conclusion

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED** that Defendants, City of Fort Myers' and Chief Douglas Baker's, Motion for Attorney's Fees and Costs and Incorporated Memorandum of Law in Support (Doc. 116) be **GRANTED in part** and **DENIED in part** and Defendant be awarded $2,542.50 in attorney fees and $4,327.22 in costs.

**DONE** and **ENTERED** in Fort Myers, Florida on this 21st day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record